IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                   No. 08-cr-2085 JCH-LF
                                                                                                                    No. 21-cv-1000 JCH-LF

CRUZ LOPEZ-ACEVEDO,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Cruz Lopez-Acevedo's Motion Under 28 U.S.C. § 2255 Based on Ineffective Assistance of Counsel (CR Doc. 623; CV Doc. 1) (Motion). Defendant filed the Motion, which requests new counsel under § 2255, shortly after the Court denied a prior motion seeking the same relief. Having reviewed the criminal record, the Court will deny the Motion without prejudice and without construing it as Defendant's "first" § 2255 habeas proceeding.

## BACKGROUND

Defendant was charged in a 2008 superseding indictment (Doc. 62)[1] with conspiracy to possess with intent to distribute marijuana and possession with intent to distribute marijuana. It appears Defendant initially fled to Mexico, where he was charged with other crimes and spent some period in the custody of Mexican authorities. Eventually, in August of 2019 Defendant was extradited from Mexico, arrested by federal authorities, and detained pending trial on the charges before this Court. (Doc. 517). That same month, Defendant's first counsel (Ms. Gorman) entered

---

[1] Unless otherwise noted, all docket references are to the criminal case, 08-cr-2085 JCH-LF.

an appearance on his behalf. (Doc. 513). In January of 2020, she moved to withdraw. (Doc. 531). The motion was granted, and Mr. Cornish was appointed to represent Defendant. (Doc. 534, 535).

About six months later, Defendant's second counsel moved to withdraw. (Doc. 549). The Court appointed Mr. Sapien as co-counsel for Defendant in August of 2020. (Docs. 578, 580). The following month, he was also permitted to withdraw. (Doc. 588, 589). The Court appointed Defendant's fourth counsel, Mr. Acton, in September of 2020. (Doc. 586). He moved to withdraw roughly a year later. (Doc. 616). Defendant joined the request in a *pro se* letter motion, which alleges his current and former attorneys refused to communicate or mount a zealous defense. By an order entered September 30, 2021, the Court denied those motions to permit Mr. Acton to withdraw as defense counsel. (Doc. 621).

Defendant filed the instant Motion several weeks later. (Doc. 623). The Motion cites § 2255 but expands upon the arguments in Defendant's letter-motion. He alleges each attorney rendered ineffective assistance, failed to communicate effectively, and failed to pursue colorable defenses. The Motion seeks the appointment of a fifth defense attorney. On March 15, 2022, Defendant pled guilty to conspiracy to possess with intention to distribute and possession of 1,000 kilograms or more of marijuana. (Doc. 639). Defendant and Mr. Acton signed the Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The Court will therefore consider whether § 2255 relief is available at this stage in the proceeding.

## DISCUSSION

The Motion is governed by Habeas Corpus Rule 4(b) and 28 U.S.C. § 2255. Rule 4 requires the Court to *sua sponte* dismiss any § 2255 motion where it plainly appears from the

arguments and "the record of prior proceedings that the moving party is not entitled to relief." Habeas Corpus Rule 4(b).   Section 2255 permits courts to "vacate set aside or correct [a] sentence" where the "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).   Defendant has not yet been convicted or sentenced.   His § 2255 Motion based on ineffective assistance by counsel are therefore premature.   *See Muhtorov v. Choate*, 697 Fed. App'x 608, 609 (10th Cir. 2017) ("[I]neffective assistance of counsel claims generally are raised post-conviction, ... and not on direct appeal, *let alone pretrial.*") (emphasis added); *United States v. Donaldson*, 567 Fed. App'x 647, 650 (10th Cir. 2014) ("claims of ineffective assistance of counsel … must be raised, if at all, in *postconviction* proceedings filed pursuant to 28 U.S.C. § 2255") (emphasis added).

To the extent Defendant cited § 2255 but intends to seek relief as a federal pretrial detainee under 28 U.S.C. § 2241, his claim also fails.   The Tenth Circuit "adopt[ed] the general rule that § 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial" or sentencing. *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017).   *Medina* emphasized that "the writ of habeas corpus should not do service for an appeal."   *Id.* (citing *United States v. Addonizio*, 442 U.S. 178, 184 n.10 (1979)).   The only exception is where the detainee cannot seek relief in the pending criminal case.   *Id.* at 1026, 1029.   Defendant did seek relief in the criminal case, *i.e.,* the appointment of a fifth attorney, and the Court denied his motion.   The Court declines to reconsider that ruling, for the reasons stated on the record at the September 30, 2021 hearing.   Accordingly, no habeas relief is available under § 2241.

The Court will dismiss the habeas Motion without prejudice.   Because the Motion was premature and not adjudicated on the merits, it will not count as Defendant's "first" § 2255 habeas

3

filing for purposes of the restrictions on second/successive filings. *See* 28 U.S.C. §§ 2244; 2255(h). To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the procedural barrier to relief at this stage is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Defendant Cruz Lopez-Acevedo's Motion Under 28 U.S.C. § 2255 Based on Ineffective Assistance of Counsel (**CR Doc. 623; CV Doc. 1**) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

_____
SENIOR UNITED STATES DISTRICT JUDGE